# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

No. 12-60492
Summary Calendar

Lyle W. Cayce
Clerk

YUNXING LIAN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 691 477

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Yunxing Lian, a native and citizen of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on his opposition to China's one-child policy and his involvement with Christianity. Lian argues that the Immigration Judge (IJ) and Board of Immigration Appeals (BIA) erroneously determined that he failed to show changed circumstances or extraordinary circumstances that would justify the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tolling the one-year limitations period governing his asylum application. This court lacks jurisdiction to review the factual finding that Lian failed to show exceptional circumstances or changed circumstances in China. *See Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

Lian also challenges the IJ's and BIA's denial of his withholding of removal claim based on his failure to show past persecution and well-founded fear of future persecution on account of his political opinion or religious beliefs. He fails, however, to brief the IJ's and BIA's alternative ruling that Lian was not credible and was therefore not entitled to relief on his withholding of removal claim. Thus, he has waived review of this issue by virtue of his inadequate briefing. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993)*; Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (issues not raised in petition for review of decision by BIA deemed abandoned). Although Lian attempts to challenge the adverse credibility determination in his reply brief, this court does not consider arguments raised for the first time in a reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

Similarly, Lian fails to challenge the determination by the BIA and the IJ that he is not entitled to relief under the CAT. Accordingly, he has abandoned any challenge to the denial of his CAT claim. *See Soadjede*, 324 F.3d at 833. Moreover, this court will not consider Lian's ineffective assistance of counsel claim because it is raised for the first time in his reply brief. *See Rodriguez*, 602 F.3d at 360.

The petition for review is therefore DENIED. The clerk's order granting Lian's motion for leave to file record excerpts in excess of the page limitation is VACATED, and the motion is DENIED as this motion was used to attempt to expand the record impermissibly.